# In the United States Court of Appeals for the First Circuit

EDWIN HERNÁNDEZ-FAVALE,
*Petitioner - Appellant,*

v.

UNITED STATES,
*Respondent – Appellee.*

On Appeal from the United States District Court
for the District of Puerto Rico
Civil Case No. 16-2098 (PG)
Hon. Juan Pérez-Giménez, U.S. District Judge

## Appellant's Opening Brief

Eric Alexander Vos
Federal Public Defender
District of Puerto Rico
241 F.D. Roosevelt Ave.
San Juan, PR 00918
T. (787) 281-4922
F. (787) 281-4899
E. Ellie_Marranzini@fd.org

Franco L. Pérez-Redondo
Assistant Federal Public Defender
Supervisor, Appeals Division

Eleonora C. Marranzini
Assistant Federal Public Defender

*Attorneys for Petitioner-Appellant
Edwin Hernández-Favale*

# TABLE OF CONTENTS

Table of Contents ...................................................................ii

Appellant's Opening Brief.......................................................1

Jurisdictional Statement.........................................................2

Issue Presented For Review....................................................3

Statement of the Case ............................................................4

Summary of the Argument .....................................................6

Standard of Review ................................................................8

Arguments and Authority ......................................................9

    I.   The ACCA and Mr. Hernández's Sentence ..............................9

        A.   The ACCA's force clause analysis. .....................................9

        B.   Mr. Hernández's sentence.. ...............................................13

    II.  The government bears the burden of establishing the predicate offenses necessary to sustain the ACCA sentence...15

        A.   The Court should ask whether Mr. Hernández "may have" been subjected to the ACCA's residual clause at sentencing....................................................................15

        B.   Even if the Court applies the "more likely than not" standard, Mr. Hernández has met his initial burden ......21

    III. Puerto Rico robbery is not a violent felony under the ACCA's force clause. ..............................................................24

        A.   Puerto Rico robbery is overinclusive................................24

        B.   Puerto Rico's robbery statute is indivisible. .....................29

IV. Mr. Hernández does not have a conviction for robbery (or attempted robbery) of a motor vehicle. .................................... 33

V. Puerto Rico robbery of a vehicle is not a violent felony under the ACCA's force clause. ........................................................... 37

VI. Mr. Hernández's attempted murder convictions do not satisfy the ACCA. ....................................................................... 40

    A. Even if the two attempted murder convictions qualify as violent felonies, they are not enough to support Mr. Hernandez's ACCA sentence. ....................... 40

    B. Puerto Rico attempted murder is not a violent felony under the ACCA's force clause. ......................................... 41

Conclusion .......................................................................................... 47

Certificate of Service .......................................................................... 48

# TABLE OF AUTHORITIES

**FEDERAL CASE LAW**                                                      **PAGE**

*F.C.C. v. AT&T, Inc.,*
   562 U.S. 397 (2011) ................................................................. 37

*Davis v. United States,*
   417 U.S. 333 (1974 .................................................................. 20

*Descamps v. United States,*
   570 U.S. 254 (2013) ................................................................. 32

*Hill v. United States,*
   368 U.S. 424 (1962) ................................................................. 20

*James v. United States,*
   550 U.S. 192 (2007) ................................................................. 12

*Johnson v. United States,*
   559 U.S. 133 (2010) ........................................................ *passim*

*Johnson v. United States,*
   576 U.S. 591 (2015) ........................................................ *passim*

*Mathis v. United States,*
   136 S. Ct. 2243 (2016) ............................................. 16, 29, 31

*Moncrieffe v. Holder,*
   569 U.S. 184 (2013) ................................................... 12, 32

*Reed v. Farley,*
   512 U.S. 339 (1994) ................................................................. 20

*Shepard v. United States,*
   544 U.S. 13 (2005) ...................................................... 10, 23

*Stokeling v. United States*,
139 S. Ct. 544 (2019) ....................................................... 27, 28

*Taylor v. United States*,
495 U.S. 575 (1990) ............................................................ 10

*United States v. Addonizio*,
442 U.S. 178 (1979) ....................................................... 20, 21

*United States v. Castleman*
572 U.S. 157 (2014) .................................................. 43, 44, 45

*Beeman v. United States*,
871 F.3d 1215 (11th Cir. 2017) ........................................... 17

*Bennet v. United States*,
868 F.3d 1 (1st Cir. 2017) .................................................. 12

*Bennet v. United States*,
870 F.3d 34 (1st Cir. 2017) ................................................ 12

*Carpenters Local Union No. 26 v. U.S. Fidelity & Guar. Co.*,
215 F.136 (1st Cir. 2000) .................................................... 40

*Charlton v. United States*,
389 F. Supp. 3d 107 (D. Mass. 2019) ............................... 24, 34

*David v. United States*,
134 F.3d 470 (1st Cir. 1998) ............................................... 21

*Dimott v. United States*,
881 F.3d 232 (1st Cir. 2018) .......................................... 16, 21

*Lassend v. United States*,
898 F.3d 115 (1st Cir. 2018) ............................................... 45

*Sun Bear v. United States*,
644 F.3d 700 (8th Cir. 2011) .............................................. 20

*United States v. Báez-Martínez,*
  Appeal No. 18-1289 .................................................................. 38, 43

*United States v. Báez-Martínez,*
  950 F.3d 119, 133 (1st Cir. 2020),
  *pet. for certiorari filed* (U.S. July 10, 2020) (No. 20-5075) ...... 38, 40, 43

*United States v. Balascsak,*
  873 F.2d 673 (3d Cir. 1989) ................................................................ 14

*United States v. Bauzó-Santiago,*
  867 F.3d 13 (1st Cir. 2017) ................................................................ 11

*United States v. Benítez-Beltrán,*
  13-cr-589 (ADC) (D.P.R. Jan. 24, 2017) ............................................ 25

*United States v. Benítez-Beltrán,*
  892 F.3d 462 (1st Cir. 2018) .............................................................. 13

*United States v. Cabrera-González,*
  2006 WL 2092569 (D.P.R. July 26, 2006) .......................................... 37

*United States v. Cardona-Valle,*
  16-cr-340 (JAG) (D.P.R. May 31, 2018)............................................. 25

*United States v. Castro-Vázquez,*
  No. 12-cr-00735 (JAF), 176 F. Supp. 3d 13 (D.P.R. 2016) ............. 26, 32

*United States v. Castro-Vázquez,*
  802 F.3d 28 (1st Cir. 2015)................................................................ 27

*United States v. Dávila-Félix,*
  667 F.3d 47 (1st Cir. 2011) ............................................................... 23

*United States v. Edwards,*
  857 F.3d 420 (1st Cir. 2017) ............................................................. 12

*United States v. Gardner,*
    823 F.3d 793 (4th Cir. 2016) ............................................................ 31

*United States v. Geozos,*
    870 F.3d 890 (9th Cir. 2017) .............................................. 16, 17, 18, 19

*United States v. González-Fournier,*
    Appeal No. 16-1003 ........................................................................... 26

*United States v. Hudson,*
    823 F.3d 11 (1st Cir. 2016) ................................................................. 8

*United States v. McKenzie,*
    539 F.3d 15 (1st Cir. 2008) .............................................................. 23

*United States v. Morales-Rodríguez,*
    Appeal No. 15-2479 ........................................................................... 26

*United States v. Morel-Rivera,*
    15-cr-350 (CCC) (D.P.R. June 16, 2017) ............................................ 26

*United States v. Mulkern,*
    854 F.3d 87 (1st Cir. 2017) .......................................................... 27, 28

*United States v. Parnell,*
    818 F.3d 974 (9th Cir. 2016) ........................................................ 39, 40

*United States v. Parral-Domínguez,*
    794 F.3d 440 (4th Cir. 2015) ........................................................ 29, 39

*United States v. Pressley,*
    359 F.3d 347 (4th Cir. 2004) ............................................................ 13

*United States v. Richardson,*
    166 F.3d 1360 (11th Cir. 1999) ......................................................... 13

*United States v. Rodríguez-Estevez,*
    16-cr-342 (CCC) (D.P.R. March 12, 2018) ........................................ 26

*United States v. Royal,*
    731 F.3d 333 (4th Cir. 2013) ............................................................ 32

*United States v. Sáez-Quiles,*
    No. 14-cr-564 (PAD) (D.P.R. May 12, 2016).......................................26

*United States v. Sánchez-Oxio,*
    No. 3:16-cv-2276 (GAG) (D.P.R. Apr. 10, 2018) ................................27

*United States v. Serrano-Mercado,*
    784 F.3d 838 (1st Cir. 2015) ............................................................. 11

*United States v. Starks,*
    861 F.3d 306 (1st Cir. 2017) ............................................. 11, 27, 28, 39

*United States v. Talley,*
    16 F.3d 972 (8th Cir. 1994) .............................................................. 14

*United States v. Vega-Salgado,*
    769 F.3d 100 (1st Cir. 2014) ............................................................ 23

*United States v. Windley,*
    864 F.3d 36 (1st Cir. 2017) .............................................................. 12

*United States v. Winston,*
    850 F.3d 677 (4th Cir. 2017) ....................................................... 16, 18

*Walker v. United States,*
    900 F.3d 1012 (8th Cir. 2018) .......................................................... 19

*Ward v. United States,*
    936 F.3d 914 (9th Cir. 2019) ............................................................ 17

*Wilder v. United States,*
    806 F.3d 653 (1st Cir. 2015)............................................................... 8

*Williams v. Ashland Eng'g Co.,*
    45 F.3d 588 (1st Cir. 1995).............................................................. 40

## PUERTO RICO CASE LAW

*People v. Batista Montañez,*
    113 D.P.R. 307, 13 P.R. Offic. Trans. 401 (1982) .............. 22, 24, 25, 28

*People v. Bonilla Ortiz,*
    23 P.R. Offic. Trans. 393 (P.R. 1989) ...................................... 23, 42, 46

*People v. Colón Soto,*
    109 D.P.R. 545, 9 P.R. Offic. Trans. 722 (P.R. 1980) ........................... 41

*People v. Méndez Ramos,*
    8 P.R. Offic. Trans. 60 (P.R. 1978) ...................................................... 42

*People v. Nieves Martínez,*
    No. DBD2008G0303, 2011 WL 2134975 (P.R. Cir. Mar. 30, 2011) ..... 30

*People v. Lucret Quiñones,*
    111 D.P.R. 716, 11 P.R. Offic. Trans. 904 (1981) .............. 25, 38, 41, 42

*Pueblo v. Navarro de Jesús,*
    No. NSCR2003-01560, 2005 WL 808194 (T.C.A. Feb. 11, 2005) ......... 38

## STATUTES

18 U.S.C. § 921(a)(33)(A) .......................................................................... 44

18 U.S.C. § 922(e) ..................................................................................... 13

18 U.S.C. § 922(g) ............................................................................ *passim*

18 U.S.C. § 924(a)(2) ............................................................................. 5, 9

18 U.S.C. § 924(e) ............................................................................ *passim*

28 U.S.C. § 1291 ......................................................................................... 2

28 U.S.C. § 2253(a). ............................................................ 2

28 U.S.C. § 2255 .......................................................... *passim*

**PUERTO RICO STATUTES**

P.R. Laws Ann. tit. 33, § 3022 (19) (1974) .............................. 41

P.R. Laws Ann. tit. 33, § 3121 (1974) ...................................... 42

P.R. Laws ann. tit. 33, § 3122 (1974) ...................................... 36

P.R. Laws Ann. tit. 33, § 4001 (1974) ................................. 41, 42

P.R. Laws Ann. tit. 33, § 4002 (1974) ................................. 41, 42

P.R. Laws Ann. tit. 33 § 4032 (1974) ....................................... 14

P.R. Laws Ann. tit. 33, § 4279 (1974) .............................. *passim*

P.R. Laws Ann. tit. 33, § 4279b (1974) ............................ *passim*

P.R. Laws Ann. tit. 33, § 4280 (1974) ......................... 22, 28, 38

**UNITES STATES SENTENCING GUIDELINES**

USSG § 2K2.1(a)(3) ......................................................... 26

**OTHER SOURCES**

2 *Substantive Criminal Law*, § 14.3 ..................................... 43

2 *Substantive Criminal Law*, § 14.7 (3d ed.) ......................... 41

*Black's Law Dictionary* (9th ed. 2009) ..................................................... 45

*Black's Law Dictionary* (10th ed. 2014) ................................................... 45

Supreme Court of Puerto Rico, Secretariat of Judicial and Notarial Conference, "Project of Pattern Jury Instructions," *available at* http://www.ramajudicial.pr/sistema/supremo/conferencia/manual-instrucciones-jurado-septiembre-2008.pdf .............................................. 31

# In the United States Court of Appeals for the First Circuit

EDWIN HERNÁNDEZ-FAVALE,
*Petitioner - Appellant,*

v.

UNITED STATES,
*Respondent – Appellee.*

On Appeal from the United States District Court
for the District of Puerto Rico
Civil Case No. 16-2098 (PG)
Hon. Juan Pérez-Giménez, U.S. District Judge

## Appellant's Opening Brief

To the Honorable Court:

The petitioner-appellant, Edwin Hernández-Favale ("Mr. Hernández"), represented by the Federal Public Defender for the District of Puerto Rico through undersigned counsel, respectfully states and prays:

## JURISDICTIONAL STATEMENT

This is an appeal from the judgment entered on the docket on July 18, 2018.[1] Mr. Hernández filed a timely notice of appeal on July 19, 2018.[2]

The district court had jurisdiction over Mr. Hernández's motion to vacate his conviction under 28 U.S.C. § 2255. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a).

---

[1] DE-25; Add. 1. Citations are as follows: Docket entries in Case No. 16-civ-2098 (PG) ("DE #[ ]"); Appellant's Addendum ("Add."); Appellant's Appendix ("AA"); Sealed Appendix ("SA"). For the Court's convenience, the cases and statutes cited in this brief contain hyperlinks to Westlaw.
[2] DE-26; AA 63.

## ISSUE PRESENTED FOR REVIEW

This is an appeal of a motion to vacate under 28 U.S.C. § 2255. Mr. Hernández was convicted of possession of a firearm by a prohibited person and sentenced to 180 months' imprisonment under the Armed Career Criminal Act ("ACCA"). The enhanced sentence was predicated on prior convictions for the Puerto Rico crimes of attempted murder, robbery, and robbery of a motor vehicle. Is Mr. Hernández's enhanced sentence lawful under *Johnson v. United States*, 576 U.S. 591(2015) and related precedent?

In 1996, a jury found Mr. Hernández guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[3] Because Mr. Hernández had three prior "violent felony" convictions, the district court sentenced him to a term of 180 months' imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[4]

In June of 2016, Mr. Hernández moved for post-conviction relief pursuant to 28 U.S.C. § 2255.[5] Relying on the Supreme Court's holding in *Johnson v. United States*, 576 U.S. 591 (2015) (*"Johnson II"*), which struck the ACCA's residual clause for vagueness, he argued that his prior convictions no longer satisfied the ACCA's definition of "violent felony." As a result, he no longer qualifies as an armed career criminal and is serving an illegal sentence in excess of the ten-year statutory maximum

---

[3] Case No. 96-cr-70 (PG), DE # 72.

[4] *Id.*, DE # 90; AA 64-65. Because Mr. Hernández served an undischarged state sentence before commencing his federal sentence, he is currently serving the federal sentence with a projected release date of August 26, 2025. *See* BOP Inmate Locator, register number 13025-069, *available at* bop.gov/inmateloc/.

[5] DE # 1; AA 5.

applicable to his offense of conviction, 18 U.S.C. § 922(g)(1). 18 U.S.C. § 924(a)(2).[6]

The district court denied Mr. Hernández's motion, dismissed his petition with prejudice, and denied a certificate of appealability.[7] The district court held that four of Mr. Hernández's prior convictions —two for Puerto Rico attempted murder, one robbery of a motor vehicle, and one attempted robbery of a motor vehicle — qualified as violent felonies under the ACCA's force clause.

Mr. Hernández moved this Court for a certificate of appealability, which this Court granted, certifying the question: "whether petitioner continues to qualify as an armed career criminal in light of *Johnson II* and related precedent."[8]

---

[6] DE # 11; SA 1.
[7] DE ## 24 & 25; Add. 1, 2-10.
[8] Order (June 15, 2020), Doc. 117602332.

After *Johnson II* eliminated the ACCA's residual clause, Mr. Hernández does not have three predicate "violent felony" convictions necessary to support his designation and sentence as an armed career criminal under the ACCA.

In analyzing the viability of Mr. Hernández's *Johnson II* claims, the Court should ask whether he "may have" been subjected to the ACCA's residual clause at his original sentencing. Even if the Court opts to apply the "more likely than not" standard, Mr. Hernández has satisfied his initial burden, and the burden is now on the government to establish that he has three predicate offenses to sustain his ACCA sentence.

Mr. Hernández's prior convictions for Puerto Rico robbery are not violent felonies under the ACCA's force clause for two reasons. First, the statute's element of "violence and intimidation" does not satisfy the force clause because it can be committed through the slightest use of force and threats of violence against property. And second, that element is indivisible.

Mr. Hernández does not have a prior conviction for robbery (or attempted robbery) of a motor vehicle. Even if he did, that offense does

not satisfy the ACCA's force clause because the statute entails the same (insufficient) quantum of force required by the simple robbery statute.

Furthermore, Mr. Hernández's prior convictions for attempted murder are not violent felonies under the ACCA's force clause. Puerto Rico's murder statute does not contain a "use of force" element because it proscribes the causation of death where no affirmative act is undertaken — *i.e.*, through omission. An omission — by definition, the absence of action — is insufficient to constitute a use of physical force under the Supreme Court's construction of that term.

Because Mr. Hernández does not have three predicates that categorically qualify as violent felonies under the ACCA, this Court should vacate the 180-month sentence and remand this case with instructions to resentence him absent the ACCA enhancement.

## STANDARD OF REVIEW

An individual in federal custody can move for post-conviction relief if his sentence "was imposed in violation of the Constitution or laws of the United States" or "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

When reviewing a district court's denial of a § 2255 motion, this Court reviews the district court's legal conclusions de novo and factual findings for clear error. *Wilder v. United States*, 806 F.3d 653, 658 (1st Cir. 2015) (internal citation omitted). Whether an offense is a violent felony under the ACCA is a legal question the Court reviews de novo. *United States v. Hudson*, 823 F.3d 11, 14 (1st Cir. 2016).

**AFTER *JOHNSON II,* MR. HERNÁNDEZ DOES NOT HAVE THREE ACCA PREDICATES.**

## I.    The ACCA and Mr. Hernández's Sentence

### A.    The ACCA's force clause analysis.

The ACCA subjects individuals convicted of violating 18 U.S.C. § 922(g) who have three prior convictions of a "violent felony" or "a serious drug offense" to a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e)(1).  Absent the ACCA, the otherwise applicable statutory maximum penalty for a Section 922(g) violation is ten years' imprisonment. 18 U.S.C. § 924(a)(2). An offense qualifies as a "violent felony" if it is "punishable by imprisonment for a term exceeding one year" and it:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

On June 26, 2015, the Supreme Court decided *Johnson II*, invalidating the residual clause of the ACCA, italicized above.  After

*Johnson II*, Mr. Hernández's ACCA sentence can stand only if he has three predicate offenses that categorically qualify under the act's enumerated or force clauses.

None of Mr. Hernández's prior Puerto Rico convictions – for attempted murder, robbery, and robbery of a vehicle – is an offense enumerated in the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(ii) (listing "burglary, arson, extortion, [or] use of explosives"). Each therefore can only qualify as a "violent felony" if it satisfies the "force" clause found in § 924(e)(2)(B)(i).

The Court applies the "categorical" approach to determine whether a given offense qualifies as a "violent felony" under the ACCA's force clause. *See Johnson v. United States*, 559 U.S. 133, 137 (2010) ("*Johnson I*"); *see also Taylor v. United States*, 495 U.S. 575 (1990). Under the categorical approach, courts must look to "the fact of conviction and the statutory definition of the prior offense," and generally cannot consider the "particular facts disclosed by the record of conviction." *Shepard v. United States*, 544 U.S. 13, 17 (2005) (citation and quotation marks omitted). "How a given defendant actually perpetrated the crime . . . makes no difference," *Mathis v. United States*, 136 S. Ct. 2243, 2251

(2016), even "if those facts show [the defendant] acted violently." *United States v. Serrano-Mercado*, 784 F.3d 838, 842 (1st Cir. 2015) (citation omitted).[9] That is so because the categorical approach "does not turn on whether the defendant used . . . violent force in committing the crime as a matter of historical fact, but on whether the use . . . of violent force is required to satisfy one of the statute's elements." *United States v. Starks*, 861 F.3d 306, 315 (1st Cir. 2017).

The categorical approach requires sentencing courts to presume that the defendant's prior conviction was for the least-culpable conduct punished by the statute. *See, e.g.*, *id.* at 324 ("[I]f a crime involves a taking of $1 to $1000, we must assume that a conviction was for taking $1."). Once the court identifies "the minimum conduct criminalized" by the offense, the pivotal question becomes whether that minimally culpable conduct satisfies the ACCA's force clause. *United States v.*

_____

[9] Although *Serrano-Mercado* involved a "crime of violence" issue under the Sentencing Guidelines, the "ACCA's definition of a violent felony" is nearly identical to the Guidelines' definition of a crime of violence, and so courts consistently have held that decisions construing one of these phrases generally inform the construction of the other." *United States v. Bauzó-Santiago*, 867 F.3d 13, 26 n.12 (1st Cir. 2017) (citation and internal quotation marks omitted).

*Edwards*, 857 F.3d 420, 423 (1st Cir. 2017) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)).

An offense is a violent felony under the ACCA's force clause if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "Physical force" means "violent," "strong," and/or "great" force "capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 144. The force must be employed intentionally, or at least knowingly, not recklessly or negligently. *See United States v. Windley*, 864 F.3d 36, 37-38 (1st Cir. 2017) (per curiam) (adopting analysis of *Bennet v. United States*, 868 F.3d 1 (1st Cir. 2017), *opinion withdrawn and vacated*, 870 F.3d 34 (1st Cir. 2017)).

In determining whether a state offense falls within the ACCA's force clause, federal courts are "'bound by the [state] Supreme Court's interpretation of state law, including its determination of the elements of' the statute of conviction." *Edwards*, 857 F.3d at 423 n.3 (parenthetically quoting *Johnson I*, 559 U.S. at 138) (brackets in original). That is true of inchoate as well as choate crimes. *See, e.g., James v. United States*, 550 U.S. 192, 197 (2007) (examining how Florida

construed its general attempt statute when deciding whether attempted burglary qualified as an ACCA predicate), *overruled on other grounds by Johnson I. See also United States v. Benítez-Beltrán*, 892 F.3d 462, 467-68 (1st Cir. 2018) (discussing state law when determining whether Puerto Rico attempted murder matched Guidelines attempted murder).

### B. Mr. Hernández's sentence.

Here, the Presentence Investigation Report ("PSR")[10] identified Mr. Hernández as an armed career criminal but did not specify which prior convictions qualified as ACCA predicates.[11] According to the PSR, Mr. Hernández had convictions for the following relevant Puerto Rico offenses:[12]

---

[10] Submitted under seal in compliance with First Circuit Local Rule 11.0(c).

[11] SA 45.

[12] Mr. Hernández has several other convictions listed on pages 22-25 of the PSR. SA 41-44. Because those convictions occurred *after* Mr. Hernández committed the instant offense (January 30, 1996), they are not previous convictions and cannot serve as ACCA predicates. 18 U.S.C. § 922(e) ("In the case of a person who violates section 922(g) of this title and has three previous convictions . . .). *See also United States v. Pressley*, 359 F.3d 347, 351 (4th Cir. 2004) (vacating sentence and holding that conviction that occurred after defendant committed the offense but prior to sentencing was not a "previous conviction" for the ACCA); *United States v. Richardson,* 166 F.3d 1360, 1361 (11th Cir. 1999) ("a conviction is 'previous' to a § 922(g) offense only if the conviction occurred before the

- Robbery (committed 8/2/78; conviction 2/20/79);[13]

- Robbery (committed 8/3/78; conviction 2/20/79);[14]

- Robbery, robbery, and attempted murder (committed 8/9/78; conviction 10/26/78);[15]

- Attempted murder (committed 11/9/78; conviction 3/23/79);[16]

- Attempted robbery (committed 2/12/86; conviction 2/26/86).[17]

In denying Mr. Hernández's § 2255 motion, the district court determined that four of Mr. prior convictions could have counted as violent felonies under the ACCA's force clause: two convictions for attempted murder, one conviction for robbery of a motor vehicle, and one

_____

violation of § 922(g)"); *United States v. Talley,* 16 F.3d 972, 977 (8th Cir. 1994) (vacating sentence and holding that the ACCA "applies only to individuals who have three applicable convictions prior to violating § 922(g)"); *United States v. Balascsak*, 873 F.2d 673, 679 (3d Cir. 1989) ("the three prior convictions . . . must have occurred prior to the time the defendant received the firearm.").

Additionally, Mr. Hernández's aggravated assault conviction cannot be a predicate, as it was a misdemeanor punishable by a fixed term of six months' imprisonment. SA 34. *See* P.R. Laws Ann. tit. 33 § 4032 (1974).

[13] SA 28-29.
[14] SA 31.
[15] SA 32-34.
[16] SA 35.
[17] SA 36.

conviction for attempted robbery of a motor vehicle.[18] The district court did not decide whether simple robbery satisfied the ACCA's force clause.

For the reasons set forth below, Mr. Hernández does not have three violent felony predicates necessary for the ACCA. As a result, his sentence is unconstitutional.

## II. The government bears the burden of establishing the predicate offenses necessary to sustain the ACCA sentence.

### A. The Court should ask whether Mr. Hernández "may have" been subjected to the ACCA's residual clause at sentencing.

A preliminary question here is whether *Johnson II* applies at all. As stated, besides its residual clause, the ACCA has a force clause defining a "violent felony," *see* 18 U.S.C. § 924(e)(2)(B)(i), and it enumerates qualifying offenses, which are generic "burglary, arson, . . . extortion" and any felony that "involves use of explosives." *Id.* § 924(e)(2)(B)(ii). Thus, the argument goes, if a petitioner was originally designated an armed career criminal based on those enumerated offenses or the force clause, then *Johnson II* has no effect on his case.

---

[18] Add. 9-10.

That approach is mistaken: Section 2255 permits relief if the motion is based partly on *Johnson II*, which is the case where, under current law, the petitioner's priors do not fit the ACCA's force clause or enumerated offenses. Indeed, if the priors do not fall under either of those categories, relief should be granted even if it is clear the now-defunct residual clause played no role at sentencing.

Six circuits require a § 2255 petitioner working with a silent record to show "it is more likely than not that he was sentenced solely pursuant to ACCA's residual clause."[19] *Dimott v. United States*, 881 F.3d 232, 243 (1st Cir. 2018). In such cases, a draw means the petitioner loses: "If it is just as likely that the sentencing court relied on [ACCA's] elements or

---

[19] Mr. Hernández recognizes the standard applied by a divided panel of this Court in *Dimott*, which affirmed the dismissal on untimeliness grounds of habeas petitions based on *Mathis v. United States*, 136 S. Ct. 2243 (2016), as opposed to *Johnson II* claims. 881 F.3d at 234. The *Dimott* panel further held that the petitioners, who had been sentenced under the ACCA's enumerated clause for burglary, did not have any *Johnson II* claims. *Id.* at 236. Unlike the petitions in *Dimott*, Mr. Hernández's petition was timely filed and raised *Johnson II* claims from the outset. What is more, the district court found no procedural bar to addressing the merits of Mr. Hernández's *Johnson II* claims. Mr. Hernández urges the Court to apply the standard used in *Geozos* and *Winston*, *infra*.

enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Beeman v. United States*, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

Nothing in § 2255 requires this standard, which is both arbitrary and unconcerned about unconstitutional sentences — one of the things § 2255 is meant to remedy.

To begin, the "more likely than not" standard hinges on the happenstance of whether the sentencing judge specified the basis for an ACCA enhancement. Yet "[n]othing in the law requires a [court] to specify which clause of [the ACCA] – residual or elements clause – it relied upon in imposing a sentence. Thus, at many pre-*Johnson II* sentencings, the court did not specify under which clause it found the ACCA predicate offenses to qualify." *United States v. Geozos*, 870 F.3d 890, 894 n.4 (9th Cir. 2017) *implied overruling on other grounds recognized by Ward v. United States*, 936 F.3d 914 (9th Cir. 2019) (internal citation and quotations omitted) (alterations in original). Parties did not litigate — and judges did not find — which clause(s) of

ACCA applied: the residual clause was broad (and, ultimately, vague) enough to encompass myriad crimes.

Accordingly, the "more likely than not" standard "penalize[s] a movant for a court's discretionary choice not to specify under which clause of [the ACCA] an offense qualified as a violent felony." *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017). This "result[s] in 'selective application' of the new rule of constitutional law announced in *Johnson II*," *id*. (citation omitted), as two identical § 2255 petitioners are treated differently based on the fluke of whether the judge said which ACCA clause applied. This "violat[es] 'the principle of treating similarly situated defendants the same.'" *Id*. (citation omitted).

In addition to being arbitrary, the "more likely than not" standard tolerates unconstitutional sentences — one of the injustices § 2255 exists to correct. "[W]hen it is unclear from the record whether the sentencing court relied on the residual clause, it necessarily is unclear whether the court relied on a constitutionally valid or a constitutionally invalid legal theory." *Geozos*, 870 F.3d at 895. Indeed, in circuits requiring a movant to show it is "more likely than not" that his sentence was based on the

residual clause, relief is denied even if there is a 50/50 chance the sentence is unconstitutional.

The "more likely than not" approach is neither just nor required by Section 2255, and it arbitrarily creates a barrier to remedying the very evil § 2255 targets: unlawful sentences. A motion is proper if the petitioner "may have" been subjected to ACCA based on the residual clause.

Putting aside whether the "may have" or "more likely than not" approach is the better one, the courts that split on that issue are asking the wrong question. The "only question," the Ninth Circuit says, "is whether Defendant . . . can show that he *was sentenced* in violation of the Constitution." *Geozos*, 870 F.3d at 895 (emphasis added). Likewise, the Eighth Circuit — which disagrees with the Ninth on the proper standard — nonetheless agrees the question is "whether the movant *was sentenced* under the residual clause." *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018) (emphasis added).

But no one entitled to relief under a retroactive ruling "was sentenced" unlawfully: at the time punishment was imposed, the defendant "was sentenced" in accordance with the law as then

understood. Moreover, regardless of whether the defendant "was sentenced" lawfully, § 2255(a) authorizes relief where a sentence is now "subject to collateral attack." 28 U.S.C. § 2255(a); *see also Davis v. United States*, 417 U.S. 333, 344-45 (1974) ("[T]he words 'otherwise open to collateral attack' are intended to be 'a catch-all phrase,'" and "the legislative history fully supports that view." . . . "[T]he text of the statute cannot sustain the Government's position that only claims 'of constitutional dimension' are cognizable under § 2255.").

Section 2255's "subject to collateral attack" clause requires correction of a "'fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185-86 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). *See also Reed v. Farley*, 512 U.S. 339, 354 n.13 (1994) (same). Wrongly subjecting someone to the ACCA — and thus imprisoning him for (at least) five extra years — fits that bill. An ACCA sentence will always exceed the ten-year statutory maximum for an armed felon without three "violent felony" convictions, and a sentence above the statutory maximum is always a miscarriage of justice. *See, e.g., Sun Bear v. United States*, 644 F.3d 700, 706 (8th Cir. 2011) (en banc) (noting "the

basic principle that, in sentencing, a miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law") (citing *Addonizio,* 442 U.S. at 184).

Accordingly, when current law makes plain that someone is wrongly serving an ACCA sentence, he merits relief under § 2255. It should not matter whether a sentencing judge relied explicitly on the ACCA's residual clause. If a petitioner's priors do not fit ACCA's force or enumerated offenses clauses, it is only because of *Johnson II* that his sentence, which would otherwise be lawful under ACCA's residual clause, is subject to attack and correction under § 2255. For these reasons, the Court should ask whether Mr. Hernández "may have" been sentenced under the residual clause.

## B. Even if the Court applies the "more likely than not" standard, Mr. Hernández has met his initial burden.

Even if the Court applies *Dimott*'s more-likely-than-not standard, Mr. Hernández is entitled to relief. Mr. Hernández has met his initial burden of showing by a preponderance of the evidence that he is entitled to federal habeas relief. *See David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). It is more likely than not that the district court relied upon the ACCA's residual clause when sentencing Mr. Hernández. As

none of the potential predicate offenses fit within the enumerated offenses clause ("burglary, arson, or extortion, involves use of explosives," 18 U.S.C. § 924(e)(2)(B)(ii)), only the force and residual clauses were possible bases for their qualifying as predicates.

The PSR identified at least four prior robbery (or attempted robbery) convictions, some or all of which must have been relied upon as ACCA predicates. By the time of Mr. Hernández's sentencing in 1997, the Puerto Rico Supreme Court had for over a decade interpreted the robbery statute as encompassing robbery by snatching or the slightest use of force, requiring no awareness by or resistance from the victim. *People v. Batista Montañez*, 113 D.P.R. 307, 13 P.R. Offic. Trans. 401, 410 (1982). And the penal code had — for more than two decades — defined robbery's "violence or intimidation" element as encompassing threats against personal property, P.R. Laws ann. tit. 33, § 4280 (1974), removing it from the purview of the ACCA's force clause (requiring "physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i)).

Likewise for the two attempted murder convictions identified by the PSR. At the time of sentencing, Puerto Rico's Supreme Court had for

years held that attempted murder could be committed through omissions. *People v. Bonilla Ortiz*,[20] 23 P.R. Offic. Trans. 393 (P.R. 1989).

Since federal judges are presumed to "know the law," *United States v. Vega-Salgado*, 769 F.3d 100, 104 (1st Cir. 2014), it is more likely than not that the sentencing court, aware of the breadth of conduct penalized by Puerto Rico's robbery and attempted murder statutes, found that the offenses were violent felonies under the residual clause. As a result, Mr. Hernández was subjected to the ACCA's enhanced penalty.

At sentencing, the government bears the burden of proving both the existence of a prior conviction, *United States v. McKenzie,* 539 F.3d 15, 19-20 (1st Cir. 2008), and that a prior conviction qualifies as a predicate necessary to a sentencing enhancement. *United States v. Dávila-Félix*, 667 F.3d 47, 55 (1st Cir. 2011). And *Shepard* limits the kinds of documents the government can marshal to prove such a predicate. 544 U.S. 13, 26 (2005). District courts within this circuit have held that this burden remains with the government in *Johnson II*-based challenges.

---

[20] The electronically available, official English-language translation for *Bonilla-Ortiz* contains no pin cites.

*See, e.g., Charlton v. United States,* 389 F. Supp. 3d 107, 117 (D. Mass. 2019) (compiling cases).

Since Mr. Hernández met his initial burden of establishing that he was sentenced pursuant to the ACCA's residual clause, it is now the government's burden of establishing that he has the necessary convictions and predicates to sustain his ACCA sentence. This, for the reasons explained below, the government cannot do.

## III. Puerto Rico robbery is not a violent felony under the ACCA's force clause.

### A. Puerto Rico robbery is overinclusive.

Under Puerto Rico law, a person commits a robbery by either "unlawfully tak[ing] personal property belonging to another in the immediate presence of said person and against his/her will by means of violence or intimidation" or "unlawfully tak[ing] personal property and immediately after having committed the act[,] us[ing] violence or intimidation against another to retain the taken item." Article 173, Penal Code of P.R. (1974), P.R. Laws Ann. tit. 33, § 4279.

The Supreme Court of Puerto Rico has squarely held that the term "violence" encompasses a spectrum of force, ranging from minimal, *Batista Montañez*, 13 P.R. Offic. Trans. at 410, to force capable of placing

the victim in "great risk or danger of losing his life or suffering a great bodily injury." *People v. Lucret Quiñones*, 111 D.P.R. 716, 11 P.R. Offic. Trans. 904, 933 (1981). In *Batista Montañez*, the Supreme Court of Puerto Rico concluded:

> [R]obbery by sudden snatching exists in Puerto Rico, [and]… *the slightest use of force is sufficient for the commission of the crime*, and…the absence of bodily injury or even the danger to the victim… or lack of opportunity to resist the violence, do not have the effect of reducing the offense to the category of unlawful appropriation.

13 P.R. Offic. Trans. at 410 (emphasis added). The offense does not necessarily require the use, attempted use, or threatened use of "violent," "strong," and/or "great" physical force "capable of causing physical pain or injury to another person." *Johnson I,* 559 U.S. at 144.

Agreeing with this analysis, multiple judges in the District of Puerto Rico have held that Puerto Rico robbery is not a crime of violence under the Sentencing Guidelines or a violent felony under the ACCA. *See United States v. Cardona-Valle*, 16-cr-340 (JAG), DE # 79 (D.P.R. May 31, 2018) (holding that Puerto Rico robbery did not qualify as crime of violence under guidelines); *United States v. Benítez-Beltrán,* 13-cr-589 (ADC), D.E. # 80 at p. 5 (D.P.R. Jan. 24, 2017) (holding, over government

objection, that Puerto Rico robbery was not a violent felony under the ACCA or crime of violence under the guidelines); *United States v. Castro-Vázquez*, No. 12-cr-00735 (JAF), 176 F. Supp. 3d 13, 20 (D.P.R. 2016) (Puerto Rico robbery not a crime of violence under the guidelines); *United States v. Sáez-Quiles*, No. 14-cr-564 (PAD), D.E. # 80 at p. 43 (D.P.R. May 12, 2016) (Puerto Rico attempted robbery conviction did not trigger two-level enhancement under USSG § 2K2.1(a)(3)); *United States v. Morel-Rivera*, 15-cr-350 (CCC), at DE # 73 (D.P.R. June 16, 2017) (Puerto Rico robbery not a crime of violence for career offender purposes under the guidelines); *United States v. Rodríguez-Estevez*, 16-cr-342 (CCC), DE # 89 (D.P.R. March 12, 2018) (disagreeing with government's contention that Puerto Rico robbery qualifies as a crime of violence under the guideline's force clause).

Tellingly, in cases before this Court involving ACCA enhancements based on Puerto Rico robbery convictions, the government has requested remand for resentencing without the enhancement. *See United States v. González-Fournier*, Appeal No. 16-1003, United States Motion for Remand; *United States v. Morales-Rodríguez,* Appeal No. 15-2479, United States Motion for Remand ("The government agrees that Morales'

robbery convictions under Article 173 of the Puerto Rico 1974 Penal Code . . . do not meet the requirements of the ACCA's force clause. . . [.]"). The government has also conceded before the district court that Article 173 robbery convictions "no longer qualify as violent felonies under the ACCA." *United States v. Sánchez-Oxio*, No. 3:16-cv-2276 (GAG), DE # 15, United States' Response in Support of Petitioner's 28 U.S.C. § 2255 Motion to Vacate his Sentence (D.P.R. Apr. 10, 2018).

This Court has held that robbery offenses encompassing robbery by snatching do not satisfy the ACCA's force clause. *United States v. Starks*, 861 F.3d 306, 319 (1st Cir. 2017); *United States v. Mulkern*, 854 F.3d 87, 94 (1st Cir. 2017). And in *United States v. Castro-Vázquez,* 802 F.3d 28, 37 (1st Cir. 2015), this Court suggested in dicta that a conviction for a robbery offense including "the slightest use of force" would not qualify as a violent felony.

The Supreme Court's recent decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019), does not change any of this. The *Stokeling* Court held only that the physical force required to commit robbery at common law satisfied *Johnson I*'s concept of violent force. *Stokeling*, 139 S. Ct. at 554. In no way did it disturb the conclusion that violence (or threats of

violence) against a thing, rather than a person, cannot satisfy the force clause. In fact, under *Stokeling*, a violent felony must have as an element "violent force . . . sufficient to overcome a victim's resistance." *Id.* at 550-51. As *Batista Montañez* made clear, Puerto Rico robbery requires only minimal force with no requirement that the victim's resistance was overcome. *Stokeling* is, as a result, inapposite here.

The Puerto Rico robbery statute — like the statutes at issue in *Starks* and *Mulkern* — criminalizes a broad swath of conduct, ranging from "slight" to a substantial degree of force. The statute is overinclusive inasmuch as the "force" necessary to commit Puerto Rico robbery need not rise to the level of "physical force" required by *Johnson I* — that is, force capable of causing physical pain or injury to another person.

While the breadth of its "violence" component suffices to remove robbery from the ambit of the ACCA's force clause, the crime's "intimidation" prong is equally disqualifying. The statutory definition of "intimidation" expressly encompasses threats of damage to property. *See* Article 174, Penal Code of P.R. (1974), P.R. Laws Ann. tit. 33, § 4280. This further removes the offense from the reach of the ACCA's force clause, which requires physical force (used, threatened, or attempted)

"against **the person** of another." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). The Supreme Court, too, is plain that violence against a *thing* as opposed to a *person* is not enough to constitute "violent force." *See Johnson I,* 559 U.S. at 140; *see also United States v. Parral-Domínguez,* 794 F.3d 440, 444 (4th Cir. 2015) ("[B]y its plain language[,] the use-of-force clause does not encompass acts involving the use of force against property (rather than persons)."). That robbery can be committed by threats to persons and property alike is another reason to hold that robbery is not a violent felony.

And because the statute's "violence" and "intimidation" components are both overbroad, the Court need not decide whether those components are divisible. If the Court reaches the issue, it is clear that the statute, as measured by *Mathis v. United States*, 136 S. Ct. 2243 (2016), is indivisible.

### B.    Puerto Rico's robbery statute is indivisible.

Puerto Rico's robbery statute does not include two alternate crimes — robbery by violence and robbery by intimidation — but rather, a single offense. Accordingly, the modified categorical approach cannot be

resorted to, and no documents should be consulted to determine what variant of robbery Mr. Hernández was convicted of.

According to the plain language of the statute, robbery is a taking "by ***means*** of violence or intimidation." 33 P.R. Laws Ann. tit. 33, § 4279 (double emphasis added). At least facially, the statutory language is plain in its designation of "violence" and "intimidation" as means, not elements. In line with this reading, local judicial authority construes the "violence or intimidation" phrasing as alternate ways of fulfilling a single element. For instance, Puerto Rico's intermediate appeals court lists robbery's elements as: "(1) unlawful appropriation of movable property, (2) belonging to another person, (3) that said unlawful appropriation was carried out **using violence or intimidation**, and (4) that the property was taken in the immediate presence of or against the will of the victim." *People v. Nieves Martínez*, No. DBD2008G0303, 2011 WL 2134975, at *2 (P.R. Cir. Mar. 30, 2011) (emphasis added).[21]

---

[21] Partial certified translation at AA 68.

Likewise, Puerto Rico's ongoing Project for Pattern Jury Instructions[22] clarifies that the disjunctive phrasing in the robbery statute sets forth alternate means, not elements. Puerto Rico juries are not required to agree on whether a defendant effected the taking by violence *or* intimidation. Under *Mathis*, then, they are not elements of discrete offenses, but distinct means of satisfying a single element. *Cf. United States v. Gardner*, 823 F.3d 793, 802-03 (4th Cir. 2016) (North Carolina robbery was indivisible because the jury instructions did not require a unanimous finding as to whether the defendant effected the taking by "violence" or "fear"). Additionally, robbery has just one fixed penalty, suggesting that robbery by "violence" is not divisible from robbery by "intimidation." *See Mathis*, 136 S. Ct. at 2256 (concluding that separate penalties within a single statute signals that the offense is divisible).

---

[22] Supreme Court of Puerto Rico, Secretariat of Judicial and Notarial Conference, "Project of Pattern Jury Instructions," *available at* http://www.ramajudicial.pr/sistema/supremo/conferencia/manual-instrucciones-jurado-septiembre-2008.pdf (at p. 175); certified translation at SA 16.

"[B]ecause '[t]he dispute here does not concern any list of alternative elements,' the modified approach 'has no role to play.'" *United States v. Royal*, 731 F.3d 333, 342 (4th Cir. 2013) (quoting *Descamps v. United States*, 570 U.S. 254, 264 (2013)). So, "[e]ven when a defendant commits a [Puerto Rico] robbery of unquestionable violence . . . the [categorial approach], under *Descamps*, require[s] us to ignore that reality and deem the conviction non-violent . . . ." *Castro-Vázquez*, 176 F. Supp. 3d at 21. Stated differently, the Court must assume that Mr. Hernández committed the least culpable (*i.e.*, nonviolent) conduct criminalized by the statute. *See Moncrieffe*, 569 U.S. at 191.

Where, as here, the statute of conviction is indivisible and includes nonviolent means of committing the offense, the statute is categorically not a violent felony within the meaning of the ACCA. As a result, none of Mr. Hernández's robbery (or attempted robbery) convictions qualify as ACCA predicates.

## IV. Mr. Hernández does not have a conviction for robbery (or attempted robbery) of a motor vehicle.

The district court counted as possible ACCA predicates one conviction for robbery of a motor vehicle and one for attempted robbery of a motor vehicle,[23] Article 173B, Penal Code of P.R. (1974), P.R. Laws Ann. tit. 33, § 4279b. But neither the PSR nor the records of Mr. Hernández's prior convictions establish that he has a prior conviction under Article 173B.

The first of those refers to a robbery committed on August 9, 1978, with a conviction on October 26, 1978.[24] This offense cannot amount to a separate predicate because it was committed on the same date as one of the attempted murders counted by court as an ACCA predicate,[25] and the ACCA applies only where an individual has "three previous convictions . . . for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*[.]" 18 U.S.C. § 924(e)(1) (emphasis added). Moreover, the only available evidence establishes that this offense was for robbery (under Article 173), and not

---

[23] Add. 9-10.
[24] SA 32 ¶ 3.
[25] SA 33 ¶ 3.

robbery of a vehicle (under Article 173B). The PSR refers to this offense as "robbery," and the government did not submit documentation to the district court related to this conviction to show otherwise.[26] *See Charlton*, 389 F. Supp. 3d at 117 (in *Johnson II* challenges, the government retains the burden of establishing that a prior conviction qualifies as a predicate).

The second of the two predicates considered by the district court refers to an attempted robbery committed on February 12, 1986, with a conviction date of June 26, 1986.[27] In Mr. Hernández's supplemental brief in support of his § 2255 motion, the undersigned incorrectly characterized this conviction as "attempted robbery of a motor vehicle,"[28] and analyzed it under Article 173B, P.R. Laws Ann. tit. 33, § 4279b. (The supplemental brief argued that both Article 173 and 173B failed to qualify under the ACCA's force clause.) Upon closer review of the local court documents related to this conviction,[29] as well as the PSR, it is

---

[26] *See* DE # 22; AA 53-62.

[27] SA 36 ¶ 1; AA 62.

[28] DE # 11 at p. 3; SA 3.

[29] The documents were submitted as exhibits to the government's response in opposition at DE #19, and the translations were submitted at DE # 22. The relevant documents are appended at AA 50-51 & 61-62.

apparent that this conviction was not for attempted robbery of a motor vehicle under Article 173B, but rather for attempted simple robbery under Article 173.

The PSR titles this conviction as "Attempted Robbery" with a sentence of six years' imprisonment; in the factual description, however, the PSR relates an attempted robbery of a vehicle.[30] The judgment, likewise, indicates that the offense was "Attempted Robbery" with a resulting sentence of six years' imprisonment.[31] Nowhere is the offense identified as attempted robbery of a motor vehicle (or attempted carjacking[32]), nor is reference made to Article 173B of the Penal Code. Even the description of the offense in the charging document describes the elements of simple robbery, as opposed to robbery of a vehicle.[33] The charge alleges that the defendants "through means of violence and intimidation, attempted to illegally take possession of personal property

---

[30] SA 36 ¶ 1 (case number G86-1268).

[31] Spanish language documents at DE # 19-5 (AA 51); English translations at DE # 22 at p. 10 (AA 62).

[32] The PSR identifies a later conviction as "Armed Carjacking." SA 41 ¶ 1. Because this conviction (August 6, 1996) occurred *after* the 18 U.S.C. § 922(g)(1) offense (January 30, 1996), it is not a potential ACCA predicate.

[33] AA 61.

(illegible) from the Honda brand motor vehicle . . ."[34] It alleges neither of Article 173B's two additional elements: (1) that "an object capable of causing grave bodily injury" was possessed or (2) that a vehicle was taken (or attempted to be taken). On its face, then, the charge was robbery.

The six-year sentence imposed is consistent with an attempted robbery conviction. Puerto Rico simple robbery under Article 173 carries a fixed penalty of 12 years' imprisonment, while robbery of a motor vehicle under Article 173B typically carries a fixed penalty of 18 years. *Compare* P.R. Laws ann. tit. 33, § 4279 *with id.,* § 4279b. When an offense is an "attempt," the penalty is half the penalty for the completed offense. P.R. Laws ann. tit. 33, § 3122.

Like the PSR, the government referred to this conviction as "attempted robbery" in an information filed regarding Mr. Hernández's prior criminal record on September 6, 1996.[35]

For these reasons, this potential predicate should be analyzed as an attempted simple robbery as opposed to an attempted robbery of a vehicle. Because this Court's analysis of potential ACCA predicates that

---

[34] *Id.*

[35] Dist. P.R. No. 96-cr-70 (PG), DE # 36; AA 69-70.

were objected to below is de novo, this Court is in the same position as the district court (and presented with the same evidence) to determine the predicate at issue.

## V.     Puerto Rico robbery of a vehicle is not a violent felony under the ACCA's force clause.

Even if Mr. Hernández did have a prior conviction for robbery (or attempted robbery) of a motor vehicle under Article 173B, that offense is not a violent felony under the ACCA's force clause.

Article 173B mirrors the language of Article 173 (a lesser-included offense), adding two additional components: (1) the use of "an object capable of causing grave bodily injury," (2) to take a motor vehicle.  P.R. Laws ann. tit. 33, § 4279b; *see also United States v. Cabrera-González*, 2006 WL 2092569, at *3 n.1 (D.P.R. July 26, 2006) (quoting P.R. Laws Ann. tit., § 4279b). Though the Supreme Court of Puerto Rico does not appear to have discussed Article 173B, the similarities between the two sections require that they be interpreted similarly.  *Cf. F.C.C. v. AT&T, Inc.*, 562 U.S. 397, 408 (2011) ("[I]dentical words and phrases within the same statute should normally be given the same meaning.") (citation and quotation marks omitted). And Puerto Rico's intermediate Court of Appeals has interpreted the elements of robbery of a vehicle by

referencing case law construing the elements of simple robbery. *See Pueblo v. Navarro de Jesús*, No. NSCR2003-01560, 2005 WL 808194, at *5-6 (T.C.A. Feb. 11, 2005) (citing *Lucret Quiñones*, 11 P.R. Offic. Trans. at 739). As the government conceded in *United States v. Báez-Martínez*, robbery of a vehicle "requires the same elements as robbery under Article 173," plus the use of a weapon and the taking of a vehicle. Appeal No. 18-1289, Appellee's Brief at 25.

That Article 173B requires use of "an object capable of causing grave bodily injury" does not move the offense into the force clause's domain. The "use"-of-weapon provision remains limited by robbery's "violence and intimidation" element, which encompasses threats to — and violence against — property.[36] The weapon component does not modify the "violence and intimidation" element to somehow make it more violent. But even if it did, the categorical approach focuses on the least culpable conduct criminalized by the statute, which here is the threatened or actual use of force against property. The weapon requirement in no way constrains the "violence and intimidation"

---

[36] P.R. Laws Ann. tit. 33 § 4280.

element to force against a person. While use of a weapon may increase the risk of injury from the offense, the force clause (unlike the eliminated residual clause) is not attuned to risk. Offenses that encompass use of force against property and not persons, like North Carolina's offense of discharging a firearm into an occupied building, do not satisfy the force clause. *See Parral-Domínguez*, 794 F.3d at 446 (because offense did not require use, attempted use, or threatened use of force against a *person*, it did not qualify as crime of violence under guidelines).

Offenses that require possession of dangerous weapons without requiring that they be *used* against or shown to the victim do not necessarily satisfy the force clause. *See, e.g., Starks*, 861 F.3d at 322 (armed robbery statute that does not require that weapon be used against or displayed to the victim does not satisfy ACCA's force clause); *United States v. Parnell*, 818 F.3d 974, 980 (9th Cir. 2016) (same). Puerto Rico's robbery of a motor vehicle, like the armed robbery statute considered in *Starks* and *Parnell*, does not require that a weapon be used against or displayed to a person, or that the victim is aware of its presence. "There is a material difference between the presence of a weapon, which produces a *risk* of violent force, and the actual or threatened used of such

force." *Parnell*, 818 F.3d at 980. While the former certainly would have satisfied the ACCA's residual clause, only the latter satisfies the remaining force clause.

For these reasons, Puerto Rico robbery of a vehicle, like Puerto Rico robbery, is not a violent felony.

## VI. Mr. Hernández's attempted murder convictions do not satisfy the ACCA.

### A. Even if the two attempted murder convictions qualify as violent felonies, they are not enough to support Mr. Hernandez's ACCA sentence.

Mr. Hernández has two prior convictions for attempted murder. Earlier this year, in *United States v. Báez-Martínez*, this Court held that attempted murder under Puerto Rico law satisfied the ACCA's force clause. 950 F.3d 119, 133 (1st Cir. 2020), *pet. for certiorari filed* (U.S. July 10, 2020) (No. 20-5075). Mr. Hernández acknowledges that the Court is bound by its prior decision, pursuant to the law-of-the-circuit doctrine. *See Williams v. Ashland Eng'g Co.*, 45 F.3d 588, 592 (1st Cir. 1995) ("In a multi-panel circuit, newly constituted panels are, for the most part, bound by prior panel decisions closely on point."), *abrogated on other grounds by Carpenters Local Union No. 26 v. U.S. Fidelity & Guar. Co.*, 215 F.3d 136, 138 (1st Cir. 2000).

Even so, these two predicates are insufficient to support Mr. Hernández's ACCA designation. Because he lacks a third ACCA predicate, his sentence must be vacated and remanded.

### B. Puerto Rico attempted murder is not a violent felony under the ACCA's force clause.

In order to preserve this claim for further review, Mr. Hernández contends that his attempted murder convictions do not satisfy the ACCA's force clause.

At all times relevant here, Puerto Rico defined "murder" as "the killing of a human being with malice aforethought." *Lucret Quiñones*, 11 P.R. Offic. Trans. At 929 (quoting P.R. Laws Ann. tit. 33, § 4001 (1974)). "Malice" is "the commission of a damaging, intentional act, without justification or excuse and the conscious nature thereof." *People v. Colón Soto*, 109 D.P.R. 545, 9 P.R. Offic. Trans. 722, 728 (P.R. 1980) (quoting P.R. Laws Ann. tit. 33, § 3022(19)). Like most states,[37] Puerto Rico divides murder into separate offenses with varying degrees of culpability. *See* P.R. Laws Ann. tit. 33, § 4002.

---

[37] *See* 2 *Substantive Criminal Law*, § 14.7 (3d ed.) ("[I]n most states murder is . . . divided into two (sometimes into three) degrees.").

Murder in the first degree is "any willful, deliberate, and premeditated killing," and it encompasses felony murders as well as murders committed in any of several enumerated ways, including "by means of poison, lying in wait, or torture." *Lucret Quiñones*, 11 P.R. Offic. Trans. at 929 (quoting P.R. Laws Ann. tit. 33, § 4002 (1974)). An attempt to commit murder requires a specific intent to kill. *People v. Méndez Ramos*, 8 P.R. Offic. Trans. 60, 63 (P.R. 1978).

Mr. Hernández's two attempted murder convictions are not violent felonies under the ACCA because the least culpable conduct criminalized by the statute — the infliction of death through omission or indirectly — does not satisfy *Johnson I*'s definition of "physical force."

Puerto Rico's attempted murder statute can be violated through an act of omission. Puerto Rico's highest court has so held: "[A]ttempted murder occurs when a person 'commits acts or [incurs] omissions unequivocally directed to' cause the death of a human being with malice aforethought." *People v. Bonilla Ortiz*,[38] 23 P.R. Offic. Trans. 393 (P.R. 1989) (quoting P.R. Laws Ann. tit. 33, §§ 3121 and 4001) (second set of

---

[38] The electronically available, official English-language translation for *Bonilla-Ortiz* contains no pin cites.

brackets in original). *See also* 2 *Substantive Criminal Law*, § 14.3 ("[M]urder may be committed by an omission to act, in violation of a duty to act, when accompanied by an intent to kill . . . .").[39]

In rejecting this argument, the district court (and this Court in *Báez-Martínez*), relied on dicta from *United States v. Castleman*, concluding that "[i]t is impossible to cause bodily injury without applying force in the common-law sense." 572 U.S. 157, 170 (2014). Mr. Hernández respectfully contends that this conclusion is incorrect because (1) *Castleman*'s discussion of "physical force" is distinct from and neither informs nor controls the ACCA's definition of "physical force"; (2) *Castleman* expressly reserved the question of whether *any* form of injury necessarily entails the use of violent force; and (3) the lower court conflated an omission with the indirect use of force.

First, the Supreme Court's decision in *Castleman* is inapposite here. *Castleman* involved an entirely different definition of "physical force" that the Supreme Court expressly limited to the context of misdemeanor crimes of domestic violence under 18 U.S.C. § 922(g)(9). As

---

[39] In its answering brief in *Báez-Martínez*, the government conceded this point. Appeal No. 18-1289, Appellee's Brief at 14.

addressed above, the definition of "physical force" that applies to the force clause of § 924(e)(2)(B)(i), is set forth in *Johnson I*, and necessarily requires "violent" force. 559 U.S. at 140. The Supreme Court in *Castleman* only analyzed the definition of "physical force" applicable to a "misdemeanor crime of domestic violence" set forth in 18 U.S.C. § 921(a)(33)(A). The Court concluded that, unlike the definition of "physical force" that applies to a "violent felony" under the ACCA, with respect to misdemeanor crimes of domestic violence, the definition of "physical force" encompasses the common-law meaning of force, "namely, offensive touching." *Castleman*, 572 U.S. at 162. *Castleman* reviewed at length why this definition was different from the ACCA's definition of physical force. *See id.* at 164-68. With respect to the ACCA, the Court declined to read the common-law meaning of force into the definition of "violent felony," "[b]ut here, the common-law meaning of 'force' fits perfectly: The very reasons [the Court] gave for rejecting that meaning in defining a 'violent felony' are reasons to embrace it in defining a 'misdemeanor crime of domestic violence.'" *Id.* at 163. The "force" discussed in the context of *Castleman* thus differs from the "force" required by the ACCA.

Second, *Castleman* reserved the question of whether *any* form of injury necessarily entails the use of violent force. In fact, "the Court expressly stated that it was not reaching the issue of "[w]hether or not the causation of bodily injury necessarily entails *violent* force." *Lassend v. United States*, 898 F.3d 115, 127-28 (1st Cir. 2018) (quoting *Castleman*, 572 U.S. at 167) (emphasis in original).

Third, *Castleman* did not reach the problem of omissions. Nor did this Court explicitly address the distinction between omissions and indirect force in *Báez-Martínez*. Application of *Castleman*'s logic ("[i]t is impossible to cause bodily injury without applying force in the common-law sense," *Báez-Martínez*, 950 F.3d at 132 (quoting *Castleman*, 572 U.S. at 170)) to attempted murder by omission conflicts with *Johnson I*'s unambiguous definition of ACCA's physical force as "force exerted by and through concrete bodies," (*Johnson I*, 559 U.S. at 138), or "a physical act, esp. a violent act directed against a robbery victim." *Id.* at 139 (quoting *Black's Law Dictionary* 717 (9th ed. 2009). An omission is by definition the absence of action or "[a] failure to do something." *Black's Law Dictionary* (10th ed. 2014). Thus, under *Johnson I*'s definition, an omission — even one resulting in death — cannot constitute "physical

force" given that, when a person "fail[s] to do something," *id.*, there has been no "force exerted by and through concrete bodies." *Johnson I*, 559 U.S. at 138.

Because Puerto Rico's crime of attempted murder punishes the causation of death, regardless of whether it results from an affirmative act or a deliberate omission, *Bonilla Ortiz*, 23 P.R. Offic. Trans. 393, the offense does not necessarily require "physical force."

## CONCLUSION

Mr. Hernández's ACCA sentence was affirmed by the district court, despite him lacking, after *Johnson II*, three predicate "violent felony" convictions to support that designation and sentence. His 180-month sentence is illegal in that it exceeds the otherwise statutory maximum ten-year sentence applicable to 18 U.S.C. § 922(g). Accordingly, this Court should vacate Mr. Hernández's sentence, and remand the case for resentencing without an ACCA enhancement.

**Respectfully Submitted.**

In San Juan, Puerto Rico, this 2nd day of October, 2020.

**ERIC ALEXANDER VOS**
Federal Public Defender
District of Puerto Rico

**Franco L. Pérez-Redondo**
Assistant Federal Public Defender
Supervisor, Appeals Section

**s/Eleonora C. Marranzini**
Assistant Federal Public Defender
USCOA No. 1169264
241 Franklin D. Roosevelt Avenue
San Juan, Puerto Rico 00918-2441
Tel. (787) 281-4922 / Fax. (787) 281-4899
E-mail: Ellie_Marranzini@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of this Brief for the Appellant was filed with the Clerk of Court using the CM/ECF system which will send notification to all parties of record, including counsel for the appellee:

Mariana E. Bauzá-Almonte
Assistant U.S. Attorney
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, P.R. 00918

In San Juan, Puerto Rico, this 2nd day of October, 2020.

**ERIC ALEXANDER VOS**
Federal Public Defender
District of Puerto Rico

**Franco L. Pérez-Redondo**
Assistant Federal Public Defender
Supervisor, Appeals Section

**s/Eleonora C. Marranzini**
Assistant Federal Public Defender
USCOA No. 1169264
241 Franklin D. Roosevelt Avenue
San Juan, Puerto Rico 00918-2441
Tel. (787) 281-4922 / Fax. (787) 281-4899
E-mail: Ellie_Marranzini@fd.org

# Certificate of Compliance With Rule 32(a)

## Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☑ this brief contains __8,509__ words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐ this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☑ this brief has been prepared in a proportionally spaced typeface using _____ MS WORD, Century Schoolbook __14 point__, *or*

☐ this brief has been prepared in a monospaced typeface using _____ _____.

(s) *Eleonora C. Marranzini*

Attorney for  Edwin Hernandez-Favale

Dated:  October 2, 2020

# In the United States Court of Appeals for the First Circuit

---

**EDWIN HERNÁNDEZ-FAVALE,**
*Petitioner - Appellant,*

v.

**UNITED STATES,**
*Respondent – Appellee.*

---

On Appeal from the United States District Court
for the District of Puerto Rico
Civil Case No. 16-2098 (PG)
Hon. Juan Perez-Gimenez, U.S. District Judge

---

## ADDENDUM TO APPELLANT'S OPENING BRIEF

---

ERIC ALEXANDER VOS
Federal Public Defender
District of Puerto Rico
241 F.D. Roosevelt Ave.
San Juan, PR 00918
T. (787) 281-4922
F. (787) 281-4899
E. Ellie_Marranzini@fd.org

FRANCO L. PÉREZ-REDONDO
Assistant Federal Public
Defender
Supervisor, Appeals Division

ELEONORA C. MARRANZINI
Assistant Federal Public Defender

*Attorneys for Petitioner-Appellant*
*Edwin Hernández-Favale*

# Index

Final Judgment, Docket Entry No. 25 .................................................. 1

Opinion and Order, Docket Entry No. 24 ........................................ 2-10

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**Edwin Hernández-Favale,**

    Petitioner,

          v.

**United States of America,**

    Respondent.

CIVIL NO. 16-2098(PG)
Related Crim. No. 96-070(PG)

**FINAL JUDGMENT**

    WHEREFORE, in light of the court's Opinion and Order of even date, Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is **DENIED** and the instant case is **DISMISSED WITH PREJUDICE.** This case is now **CLOSED** for all statistical purposes.

    **IT IS SO ORDERED AND ADJUDGED.**

    In San Juan, Puerto Rico, July 18, 2018.

                        S/ JUAN M. PÉREZ-GIMÉNEZ
                        **JUAN M. PEREZ-GIMENEZ
                        SENIOR U.S. DISTRICT JUDGE**

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**Edwin Hernández-Favale,**

    Petitioner

        v.

**United States of America,**

    Respondent.

CIVIL NO. 16-2098 (PG)
Related Crim. No. 96-070 (PG)

### OPINION AND ORDER

Before the court is petitioner Edwin Hernández-Favale's (henceforth "Petitioner" or "Hernández-Favale") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dockets No. 1, 11) and the United States' (or the "government") opposition thereto (Docket No. 19). For the following reasons, the court **DENIES** Petitioner's motion to vacate.

### I.    BACKGROUND

On December 2, 1996, Hernández-Favale was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). See Crim. No. 96-070 (PG), Docket No. 7. On June 4, 1997, the Presentence Investigation Report (henceforth "PSR") was disclosed, which revealed that Petitioner had convictions for the following relevant offenses, charged under the laws of Puerto Rico: 1) two convictions for robbery on February 20, 1979 (PSR at pp. 9 & 12); 2) three separate convictions for robbery, robbery of a motor vehicle, and attempted murder on October 26, 1978 (PSR at pp. 13-14); 3) one conviction for attempted murder on March 23, 1979 (PSR at p. 16); and, 4) one conviction for attempted robbery of a vehicle on February 26, 1986 (PSR at p. 17). Based on this report, the court found that Hernández-Favale had three prior convictions for "violent felonies," as defined by the Armed Career Criminal Act (henceforth "ACCA"), at 18 U.S.C. § 924(e)(2)(B). As a result, the court sentenced Petitioner on June 26, 1997 to a term of 180

2

months of imprisonment under the ACCA, 18 U.S.C. § 924(e). <u>See</u> Crim. No. 96-070 (PG), Docket No. 90. Without the adjustment imposed by the ACCA, Petitioner would have been subjected instead to a statutory maximum penalty of 120 months.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); <u>Hill v. United States</u>, 368 U.S. 424, 426-427 (1962); <u>Ellis v. United States</u>, 313 F.3d 636, 641 (1st Cir. 2002).

## III.     DISCUSSION

On June 14, 2016, Hernández-Favale presented a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts that he cannot be considered an Armed Career Criminal, as defined by the ACCA, because his previous convictions, specifically attempted murder, robbery of a motor vehicle, and robbery, do not qualify as "violent felonies" pursuant to 18 U.S.C. § 924(e)(2)(B). The ACCA defines a "violent felony" as any offense that is "punishable by imprisonment for a term exceeding one year," and it: (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The section's first clause is often referred to as the "force clause," and the bolded segment represents the statute's "residual clause." Pursuant to the ACCA, Petitioner can only be subjected to the mandatory minimum 180 month sentence for violating 18 U.S.C. § 922(g) if he has **three**

prior convictions for a "violent felony," as defined by 18 U.S.C. § 924(e)(2)(B), or "a serious drug offense." <u>See</u> 18 U.S.C. § 924(e)(1).

Firstly, Hernández-Favale argues that <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) (<u>Johnson II</u>) invalidated the residual clause of the ACCA, § 924(e)(2)(B)(ii), therefore attempted murder, robbery of a motor vehicle and robbery cannot be considered "violent felonies" pursuant to the ACCA. The court finds that it does not need to address Petitioner's constitutional void-for-vagueness challenge regarding § 924(e)(2)(B)(ii) because he has been previously convicted of three "violent felonies" as defined by the ACCA's force clause in § 924(e)(2)(B)(i). Nevertheless, Petitioner also alleges that the conducts for which he was previously convicted, namely, attempted murder, robbery of a motor vehicle, and robbery, cannot be categorically considered "violent felonies" under the ACCA's force clause. The court disagrees.

To that effect, Hernández-Favale first argues that his two prior convictions for attempted murder should not be taken into consideration under the ACCA because attempted murder does not necessarily require the use, attempted use, or threatened use of violent physical force against another. According to First Circuit precedent, if a statute does not contain in all of its manifestations elements requiring the use, attempted use, or threatened use of violent and intentional force against a person, then it is not a "violent felony." <u>See</u> <u>United States v. Martinez</u>, 762 F.3d 127, 133 (1st Cir. 2014). Therefore, according to Petitioner's claim, murder as defined by Puerto Rico law at the time does not categorically qualify as a violent felony under the ACCA's force clause.

Specifically, Petitioner states that, under the Puerto Rico law that existed when he was originally charged, "attempted murder occurs when a person commits acts or incurs omissions unequivocally directed to cause the death of a human being with malice aforethought." <u>People v.</u>

Bonilla-Ortiz, 23 P.R. Offic. Trans. 393 (1989)(brackets omitted). Hernández-Favale believes that committing acts or omissions unequivocally directed to cause the death of a human being does not necessarily require the use, attempted use, or threatened use of violent physical force against another person. In support of his contention, Hernández-Favale presents a series of hypothetical scenarios in which a murder could be committed or attempted without the use of violent force, such as death by poisoning, the laying of a trap, locking or attempting to lock someone on a car in a hot day, and starving and attempting to starve someone to death.

Contrary to Petitioner's argument, however, Puerto Rico case law establishes that murder and attempted murder categorically fit the requirements set forth by the ACCA's force clause. The Puerto Rico Penal Code of 1974, under which Petitioner was originally charged, defined murder as the killing of a human being with malice aforethought. See P.R. LAWS ANN. tit. 33, § 4001 (repealed 2004). Additionally, the Supreme Court of Puerto Rico defined "malice aforethought" as the intent to realize an act or produce a grave injury that will probably result in the death of a person. See Pueblo v. Rosario, 160 P.R. Dec. 592, 610 (2003). If "malice aforethought" is the intent to **act** in such a way that causes grave bodily harm or death to another person, and "malice aforethought" is an element of murder, then the court can logically infer that murder requires violent acts capable of causing injury to another person.

Petitioner's argument stating that one can commit acts unequivocally directed at causing the death of a human being without employing physical force should be rejected because it is extremely unlikely, if not downright impossible, to find a realistic situation in which this claim holds true. Hernández-Favale cites death by poisoning as an example of a violent act that does not require physical force, but this argument was expressly rejected by the Supreme Court of the United States in U.S. v. Castleman, 134 S.Ct. 1405 (2014). In Castleman, the Supreme Court states that the "use of force" employed in a death by poisoning does not consist of the act of sprinkling

the poison, "it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or a punch), does not matter." Id. at 1415. The same logic applies to Petitioner's alternative hypothetical scenarios. Therefore, murder under the existing laws of Puerto Rico at the time when Petitioner was previously convicted required the use, attempted use, or threatened use of physical force against a person, thereby qualifying as a "violent felony" under the ACCA's force clause at 18 U.S.C. § 924(e)(2)(B)(i).

Furthermore, Petitioner alleges that murder under Puerto Rico law at the time of his convictions did not differentiate between the different forms of participation. That is to say, the acts of aiding and abetting murder, instigating murder, and accessory to a murder were all indistinguishable from principal murder. See P.R. LAWS ANN. tit. 33, § 3171-72. Therefore, Hernández-Favale could have been convicted of attempted murder as a principal, an aider and abettor, an instigator, or as a cooperator. According to Petitioner, participating in an attempted murder as anything other than the principal is allegedly too far removed from the violent component of the offense and would not require the use, attempted use, or threatened use of violent force necessary for the felony to qualify as a "violent felony" under the ACCA's force clause.

Hernández-Favale's argument does not hold water because "one who aids and abets an offense 'is punishable as principal' [...] and the acts of the principal become those of the aider and abetter as a matter of law." United States v. Mitchell, 23 F.3d 1, 3 (1st Cir. 1994)(quoting United States v. Simpson, 979 F.2d 1282, 1285 (8th Cir. 1992)). Aiding and abetting is not considered a separate offense from the underlying substantive crime. See Mitchell, 23 F.3d at 2 (quoting United States v. Sánchez, 917 F.2d 607, 611 (1st Cir. 1990)). The fact that aiding and abetting, instigating, and cooperating with a murder are all prosecuted indistinctly from murder committed as a principal demonstrates that anyone who participates in a murder commits all of the elements of the crime

that render it a "violent felony." In this case, it is immaterial whether Hernández-Favale participated as an aider and abettor in his 1979 conviction for attempted murder because anyone who participates in a murder, in any capacity, commits a "violent felony" pursuant to 18 U.S.C. 924(e)(2)(B)(i). The court concludes that Hernández-Favale's arguments questioning whether murder and attempted murder are "violent felonies" pursuant to the ACCA's force clause are inapposite, and are therefore **DENIED**.

Hernández-Favale also contends that robbery of a motor vehicle is not a "violent felony" under the ACCA's force clause. Robbery of a motor vehicle, as prescribed by Article 173B of Puerto Rico's 1974 Penal Code, requires the same elements as robbery, specifically the employment of violence or intimidation, plus two additional essential elements, namely, the 1) **use** of a deadly weapon in 2) the taking a motor vehicle. <u>See</u> P.R. LAWS ANN. tit. 33, § 4279B (repealed 2004). Petitioner argues that even though the Supreme Court of Puerto Rico has never discussed at length Art. 173B, the statute's violence or intimidation requirement should be interpreted similarly to those required by the robbery statute due to their similar wording. As will be discussed more thoroughly *infra*, Petitioner alleges that since the violence or intimidation element of the robbery statute does not meet the physical force requirement of the ACCA's force clause, neither does the violence or intimidation element of the robbery of a motor vehicle statute. More importantly, Petitioner contends that the Puerto Rico robbery of a motor vehicle statute's additional element should be interpreted similarly to a Massachusetts armed robbery statute held by the Ninth Circuit to not meet the requirements of a "violent felony" under the ACCA. <u>See</u> <u>U.S. v. Parnell</u>, 818 F.3d 974 (9th Cir. 2016)(holding that "whoever, **being armed** with a dangerous weapon, assaults another and robs, steals or takes from his person money or other property which may be subject to larceny [...]" will have committed armed robbery pursuant to MASS. GEN. LAWS ANN. tit. 265, § 17 (amended 1998)(emphasis ours)). The <u>Parnell</u> court reasons that just because a person is armed,

7

it does not mean that he or she has **used** the weapon, or threatened to use it. See Parnell, 818 F.3d at 980. For that reason, the Parnell court concludes that the aforementioned armed robbery statute does not require the use of physical force, and thus, it is not a "violent felony" pursuant to the ACCA's force clause. Petitioner asks that the court interpret Puerto Rico's robbery of a motor vehicle statute identically in finding that the crime does not constitute a "violent felony" insofar as it does not require that the weapon be specifically used or displayed.

Some controversy exists regarding whether or not the violence or intimidation element of the robbery and robbery of a motor vehicle statutes require violent physical force. Nevertheless, the present controversy can be resolved by analyzing the additional elements of Puerto Rico's robbery of a motor vehicle statute. Article 173B of Puerto Rico's Penal Code at the time of Petitioner's conviction expressly requires the **use** of an object capable of causing grave bodily injury in order to effect robbery of a motor vehicle. See P.R. LAWS ANN. tit. 33, § 4279B. The Massachusetts armed robbery statute at issue in Parnell merely required that the person **be armed** with a dangerous weapon, thus it did not require the **use** of the weapon, contrary to the statute at issue in this case. The Ninth Circuit in Parnell states that "there is a material difference between the presence of a weapon, which produces a risk of violent force, and the actual or threatened use of such force. Only the latter falls within the ACCA's force clause." Parnell, 818 F.3d at 980. In the absence of any decision by the Supreme Court of Puerto Rico stating otherwise, the language of the statute in question must be taken at face value. Therefore, by requiring as an element of the offense the use of a deadly weapon, Puerto Rico's robbery of a motor vehicle statute clearly requires the use, attempted use, or threatened use of physical force against the person of another, and said offense falls within the meaning of a "violent felony" pursuant to 18 U.S.C. 924(e)(2)(B)(i). As a result, Petitioner's arguments regarding his prior convictions for robbery of a motor vehicle and attempted robbery of a motor vehicle are hereby **DENIED**.

Hernández-Favale proceeds to argue that his prior convictions for robbery should not be taken into account as one of the three prior "violent felony" convictions needed to receive the increased penalty imposed by § 924(e)(1) of the ACCA, as robbery is not categorically a "violent felony." Petitioner believes that the robbery statute's violence or intimidation element is overinclusive after the Supreme Court of Puerto Rico's decision in People v. Batista Montañez, 13 P.R. Offic. Trans. 401 (1982). In Batista, the Supreme Court of Puerto Rico held that even the slightest use of force, such as the sudden snatching of a necklace, is sufficient to commit the crime of robbery. Id. at 410. The statute only requires that the use of force or aggression have the effect of forcing a person to give up his property. Id. (quoting Pueblo v. Diaz Diaz, 102 P.R. Dec. 535, 539 (1974)). In Johnson v. United States, 599 U.S. 133 (2010) (Johnson I), the Supreme Court of the United States held that a battery statute that merely requires the "slightest offensive touching" does not rise to the level of "physical force" required by the ACCA. Id. at 140. Because Puerto Rico's robbery statute does not distinguish between degrees of force, Petitioner infers that said felony can be committed via the "slightest offensive touching" and does not categorically require the "physical force" specified by the ACCA's force clause.[1]

Despite the foregoing, the court need not rule on the matter, as Hernández-Favale's conviction requires a finding of **three** previous violent felony convictions in order for him to be subjected to the enhanced sentence imposed by 18 U.S.C. § 924(e)(1). Since Petitioner has been previously convicted of **four** violent felonies, to wit, two convictions for attempted murder, one conviction

---

[1] This district has arrived at different conclusions on the issue of whether robbery pursuant to the Puerto Rico Penal Code is or is not a crime of violence for sentencing enhancement purposes. In United States v. Castro Vazquez, 176 F.Supp.3d 13 (D.P.R. 2016), Judge Fusté held that Puerto Rico robbery is not a crime of violence. Furthermore, in United States v. Saéz-Quiles, Crim. No. 14-564 (PAD), Judge Delgado found that a Puerto Rico robbery conviction for attempted robbery did not trigger a sentence enhancement under U.S.S.G. § 2K2.1(a)(3), thereby finding that it is not a crime of violence. On the other hand, in United States v. Avila-Rodriguez, Crim. No. 15-442 (FAB), Docket No. 156 at 37, Judge Besosa held that Puerto Rico robbery does fall within the force clause of the sentencing guidelines. In addition, in United States v. Gonzalez-Fournier, Crim. No. 13-698 (DRD), Docket No. 101 at 20-23, Judge Dominguez held that Puerto Rico armed robbery is a crime of violence under the ACCA. In conclusion, no consensus exists as to whether robbery requires the use of violent physical force as defined in Johnson I.

for robbery of a motor vehicle, and one conviction for attempted robbery of a motor vehicle, he is automatically exposed to the aforementioned enhanced sentence without having to consider his prior conviction for robbery.

Based on the above, the original sentence of 180 months of imprisonment under the ACCA, 18 U.S.C. § 924(e)(1), is valid because Petitioner was convicted of being a felon in possession of a firearm under § 922(g) having three prior violent felony convictions, as defined by the Act's force clause at § 924(e)(2)(B)(i). As a result, his request for habeas relief on these grounds is **DENIED**.

## IV.    CONCLUSION

Based on the above, the court finds that Petitioner's request for habeas corpus relief under 28 U.S.C. § 2255 (Dockets No. 1, 11) is **DENIED AND DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

## V.    CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, July 18, 2018.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**
